UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert J. Mills, Jr. <br> Executor of the estate of <br> Robert J. Mills, Sr., <br><br>          Plaintiff, <br> v. <br><br> Michael J. Wynne <br> SECRETARY OF THE AIR FORCE, <br><br>          Defendant. | Civil Action No. 08-0892 (EGS) |

## DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION TO TRANSFER

The Defendant Michael J. Wynne, Secretary of the Air Force, by and through undersigned counsel moves this Court pursuant to Fed. R. Civ. P. 12(b)(3) for an order dismissing this case in its entirety because venue is improper. In the alternative, Defendant moves this Court pursuant to 28 U.S.C. § 1406(a) to transfer this case to the United States District Court for the Eastern District of Virginia or the United States District Court for the Western District of Texas. A draft order is attached hereto.

Dated: August 1, 2008            Respectfully submitted,

                                                    /s/ Jeffrey Taylor
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney

                                                  /s/ Rudolph Contreras
                                       RUDOLPH CONTRERAS, D.C. BAR # 434122
                                       Assistant United States Attorney

        /s/ Cindy Owens
_____
CINDY S. OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert J. Mills, Jr.<br>Executor of the estate of<br>Robert J. Mills, Sr.,<br><br>    Plaintiff,<br> v.<br><br>Michael J. Wynne<br>SECRETARY OF THE AIR FORCE,<br><br>    Defendant. | Civil Action No. 08-0892 (EGS) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**

The Defendant Michael J. Wynne, Secretary of the Air Force, moves this Court for an order dismissing this action because venue is improper. The Plaintiff filed this case under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) ("FTCA"). The FTCA provides that a tort claim against the United States must be prosecuted in the district where the plaintiff resides or where the act or omission allegedly occurred. 28 U.S.C. § 1402(b). The Plaintiff does not reside in the District of Columbia and the alleged omission did not occur in the District of Columbia. Accordingly, this case should be dismissed under Federal Rules of Civil Procedure 12(b)(3). In the alternative, pursuant to 28 U.S.C. § 1406(a), this case should be transferred to either a United States District Court in the Western District of Texas or a United States District Court in the Eastern District of Virginia.

**I.      The Complaint Should Be Dismissed For Improper Venue**

The Federal Rule of Civil Procedure 12(b)(3) allows for a complaint to be dismissed for "improper venue."  As this Court concisely articulated:

> [w]hen ruling on a 12(b)(3) motion, "the court accepts plaintiff's well-plead factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dep't of Energy, 231 F. Supp.2d 274, 276 (D.D.C.2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp.2d 1, 8 (D.D.C.2003). The Court, however, is not required to accept plaintiff's legal conclusions as true. Darby, 231 F. Supp.2d at 277. Plaintiff bears the burden of establishing that he has initiated the action in the appropriate forum. See Freeman v. Fallin, 254 F. Supp.2d 52, 56 (D.D.C.2003). Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" plaintiff's assertion of venue. Darby, 231 F. Supp.2d at 277.

Sulton v. Peters, 532 F. Supp.2d 150 (D.D.C.,Feb. 1, 2008) (J. Sullivan).

In an action brought under the FTCA, venue is covered by 28 U.S.C. § 1402(b) that provides:

> [a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(b).

Here, Plaintiff alleges that the acts and omissions occurred in Texas and states that "the treatment by the staff of the Medical Department at Wilford Hall Medical Center did not meet the standard of care and constituted medical malpractice which directly resulted in the death of Robert J. Mills, Sr." See Compl. ¶ 10.  Wilford Hall Medical Center is located in San Antonio,

Texas.[1]  The complaint does not allege any acts or omissions that occurred in the District of Columbia.  See generally Compl.

Further, the Plaintiff resides in Arlington, Virginia.  See Compl. caption at p. 1.  Based on these two facts, 1) the act and omission occurred in Texas and 2) that Plaintiff resides in Virginia, this Court should dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3).  Spotts v. USA, 2008 WL 2485574 *6-7 (D.D.C. June 23, 2008).

II.     **Alternatively, the Case Should Be Transferred To The Western District of Texas or The Eastern District of Virginia**

Under 28 U.S.C. § 1406(a), when a case is filed in the wrong federal judicial district, the district court in which the action is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In considering a motion to dismiss for lack of venue, "unless contradicted by an evidentiary showing, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Jyachosky v. Winter, No. Civ. A. 04-01733, 2006 WL 1805607, * 1 (D.D.C. Jun.29, 2006) (citations and internal quotations omitted). Under 28 U.S.C. § 1406(a), the decision whether to transfer or dismiss "rests within the sound discretion of the district court." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir.1983) (citations omitted).

---

[1]The address for Wilford Hall Medical Center is: Wilford Hall Medical Center, 2200 Bergquist Drive, Lackland AFB, Texas 78236.

In this case, as previously discussed, venue is proper either in the district where the acts or omissions occurred, or where Plaintiff resides. 28 U.S.C. § 1402(b). Because Plaintiff resides in Arlington, Virginia and the acts or omissions occurred at the Wilford Hall Medical Center, venue is proper in either the Western District of Texas or the Eastern District of Virginia.

### III.  Conclusion

Therefore, because the Plaintiff filed this claim in an improper venue the Complaint should be dismissed. Fed. R. Civ. P. 12(b)(3). Alternatively, pursuant to 28 U.S.C. § 1406(a), this Court should transfer this case to either the Eastern District of Virginia or the Western District of Texas.

Dated: August 1, 2008                              Respectfully submitted,

    /s/ Jeffrey Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/ Cindy Owens
CINDY S. OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 1, 2008, I served a copy of the foregoing Defendant's Motion to Dismiss, Defendant's Memorandum in Support of Motion to Dismiss, and draft order by first class mail, postage pre-paid, on the following:

Stephen A. Bamberger
1529 Old Bridge Road, Suite 2
Woodbridge, VA 22192
(703) 551-4979

        /s/ Cindy Owens
CINDY S. OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert J. Mill, Jr. ) | |
| Executor of the estate of ) | |
| Robert J. Mills, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. |
| ) | |
| Michael J. Wynne ) | |
| SECRETARY OF THE AIR FORCE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

UPON CONSIDERATION of the Defendant's motion to dismiss, any opposition thereto, and the entire record in this matter, the Court finds that the Plaintiff filed his complaint in an improper venue.  Therefore, on this _____ day of _____,

**IT IS, THEREFORE, ORDERED** that the defendant's motion to dismiss is **GRANTED** and the Complaint is hereby **DISMISSED**.

_____
United States District Judge